IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Scott, #71608-061,<br><br>                                Petitioner,<br><br>v.<br><br>Warden of FCI Bennettsville,<br><br>                                Respondent. | C/A No. 2:24-cv-735-SAL<br><br>**ORDER** |

Anthony Scott ("Petitioner"), a federal prisoner proceeding *pro se*, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the court for review of the Report and Recommendation (the "Report") issued by United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C), recommending that Petitioner's § 2241 petition be summarily dismissed. [ECF No. 11.] Petitioner objects to the Report. [ECF No. 14.] For the reasons that follow, the court adopts the Report and overrules Petitioner's objections.

### BACKGROUND AND PROCEDURAL HISTORY

As outlined in the Report, Petitioner is an inmate at the Federal Correctional Institution, Bennettsville in South Carolina. [ECF No. 11 at 1.] The procedural history in this case is extensive, and this court incorporates the details and timeline outlined in the Report. *Id.* at 1–6. The magistrate judge recommends that Petitioner's § 2241 petition be dismissed without prejudice. *Id.* Petitioner was advised of his right to file objections to the Report, and he did so on August 5, 2024. [ECF No. 14.]

1

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts

2

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. But briefly, in 2014 Petitioner pleaded guilty to possession with intent to distribute heroin in the United States District Court for the Southern District of Ohio. *See* ECF No. 11 at 1. As part of his plea agreement, Petitioner stipulated to a base offense level based on the death of Robert Ruffing, an individual who died after using drugs Petitioner sold. *Id.* at 1–2. Then at sentencing, Petitioner disputed that Ruffing's death was caused by the drugs he sold, but he also admitted the Government had evidence of Petitioner telling a confidential informant that a male had died from overdosing on heroin he had provided. *See id.* at 2. Petitioner then unsuccessfully appealed his conviction and sentence to the Sixth Circuit Court of Appeals. *See id.* In 2016, Petitioner filed a § 2255 motion in the Southern District of Ohio, arguing counsel was ineffective because he assured Petitioner his sentence would not be enhanced based on Ruffing's death. *See id.* at 2–3. The district court denied his § 2255 motion. *Id.* at 3–4. Petitioner sought a certificate of appealability in the Sixth Circuit but was denied. *See id.* at 4–5. He also filed a Rule 60(b) motion in the district court but that, too, was denied. *See id.* at 5.

Petitioner, now incarcerated in South Carolina, seeks habeas relief from this court under § 2241, arguing his sentence was improperly enhanced as the record did not demonstrate that his delivery of the drugs to the decedent was the but-for cause of the decedent's death, as required under *Burrage v. United States*, 571 U.S. 204 (2014). *Id.* at 6–11. But for the reasons outlined in the Report and below, he cannot get the relief he seeks.

Initially, a § 2241 petition is the improper vehicle for the requested relief. "It is well-established that a federal prisoner generally must challenge the legality of his conviction and/or sentence pursuant to 21 U.S.C. § 2255." [ECF No. 11 at 7 (citing *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)).] And a prisoner may only file a second or successive motion with certification from the appropriate court of appeals. A prisoner cannot circumvent these rules by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner has already sought § 2255 relief in the appropriate court—that is, where he was convicted. He cannot now come to this court and raise the same issues to this court under § 2241. While in some circumstances the "savings clause" of § 2255(e) may permit a federal prisoner to proceed under 2241, this court agrees with the Report's finding that no such exception applies here. [ECF No. 11 at 8.] This court lacks subject matter jurisdiction to consider the claims raised in Petitioner's § 2241 motion—he cannot bring a successive collateral attack on his federal sentence in this court.

Additionally, as pointed out in the Report, both the sentencing court and the Sixth Circuit have rejected versions of Petitioner's argument. For example, the sentencing court found that the *Burrage* standard does not apply as Petitioner was never charged under 21 U.S.C. § 841(b)(1)(C) with a "'death results' enhancement." *See id.* at 9.

Petitioner responded to the Report with several objections. [ECF No. 14.] First, he objects to the finding by the sentencing court, which is recited in the Report, that *Burrage* did not apply to his sentence as he was never charged with a "death results" enhancement. [ECF No. 14 at 1–2.] Second, he objects to the validity of his plea agreement. *Id.* at 2–3. But his objections do not grapple with the recommended reason for dismissal—his claims do not challenge the execution of his sentence and are not cognizable under § 2241. The court agrees with the Report. It is not for

4

this court to overrule the reasoning of the sentencing court as § 2241 does not give this court the authority to review the decisions of the sentencing court and the Sixth Circuit. Accordingly, the court overrules Petitioner's objections

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court hereby adopts the Report and Recommendation, ECF No. 11, and overrules Petitioner's objections. For the reasons discussed above and in the Report, Petitioner's action is **SUMMARILY DISMISSED without prejudice and without requiring Respondent to file a return**.

    **IT IS SO ORDERED.**

April 14, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge